IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-CR-00265-RJC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| WENDY GIBSON | ) | |
| | ) | |

THIS MATTER is before this Court upon the defendant's pro se letter motion to suspend restitution payments and to recommend drug treatment, (Doc. No. 72), which the government opposes, (Doc. No. 73).

The defendant is serving a sentence at the Alderson Federal Prison Camp (West Virginia) following her conviction for health care fraud offenses. (Doc. No. 66: Judgment; Doc. No. 72: Motion at 1). The Court ordered that payment of the penalties was to begin immediately. (Doc. No. 66: Judgment at 5). The Court recommended that the defendant participate in the Bureau of Prisons (BOP) Inmate Financial Responsibility Program (IFRP), and ordered that any balance remaining after imprisonment be paid in monthly installments while on supervised release. (Doc. No. 66: Judgment at 2, 5). The defendant seeks an order suspending payments, presumably through the IFRP. (Doc. No. 76: Motion at 3). She complains that her family has difficulty helping her with restitution payments (Id.).

The Fourth Circuit has directed that such a motion be treated as a habeas corpus petition under 28 U.S.C. § 2241 because the defendant has attacked the execution of the monetary penalties order. <u>United States v. Hudson</u>, 221 F. App'x 255, 256 (4th Cir. Mar. 26, 2007) (unpublished). "A habeas petition under § 2241 must, however, be filed in the district in which the prisoner is confined." <u>In re Jones</u>, 226 F.3d 328, 332 (4th Cir. 2000). The defendant is

incarcerated within the District of West Virginia. Accordingly, this Court does not have jurisdiction over the instant motion.

Even if the Court had jurisdiction, it would deny the motion. First, the defendant failed to show that she exhausted administrative remedies before seeking review in district court. Jonpoll v. Thornburgh, 898 F.2d 849, 850 (2nd Cir. 1990). Second, the Fourth Circuit has held that the BOP has discretion to collect monetary payments through the IFRP when they are ordered due immediately, and a schedule is set for paying any remainder while on supervised release. United States v. Watkins, 161 F. App'x 337 (4th Cir. Jan. 19, 2006) (unpublished) (citing Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002); McGee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999); and Montano-Figueroa v. Crabtree, 162 F.3d 548, 549-50 (9th Cir. 1998)). Thus, the Court finds that it is not in the interests of justice to transfer this matter to the District of West Virginia pursuant to 28 U.S.C. § 1631.

The defendant also asks the Court to recommend her for a drug treatment program at the institution. (Doc. No. 72: Motion at 1). Although she now states that she committed drug offense (Count Three) based on her use of pain medications, she told a U.S. Probation officer that she did not use controlled substances. (Doc. No. 43: Presentence Report at ¶ 102).

**IT IS, THEREFORE, ORDERED** that Defendant's Motion (Doc. No. 72) is **DISMISSED**.

Signed: November 21, 2013

Robert J. Conrad, Jr.
United States District Judge